JOSIAH DEXTER *vs.* SETH BOOTH.

In an action against an executor to recover the price of goods sold and delivered to the wife of the testator in his lifetime, she cannot be allowed to testify to a private conversation with her husband in which he ratified her purchases; but she is a competent witness as to other facts. And the plaintiff's books of account are inadmissible to prove that credit was given to the testator; but they, in connection with his suppletory oath, are admissible to prove the delivery of the goods.

If, in an action against an executor to recover the price of goods sold and delivered to the wife of the testator in his lifetime, she is called by the plaintiff as a witness, it cannot be shown by cross-examination of her that, at the time of making the purchases, she bought unnecessary jewelry and gold watches of others.

CHAPMAN, J. This being an action against an executor to recover the price of goods purchased by the testator's wife, and delivered to her, some of which it is conceded were not necessaries, the plaintiff was allowed to prove by the testimony of the widow that after the purchase the husband ratified it in a private conversation with her. The question is now raised, whether she was a competent witness to prove such a conversation. It is admitted that, at common law, she is excluded on considerations of policy from testifying to confidential conversations between herself and her husband, and that the exclusion remains unaffected by his death. The question is, whether this

rule extends to his ratification of a purchase made by her, which in its nature does not seem to be confidential, though made in a private conversation. In England this question is settled. In *Monroe* v. *Twistleton*, cited in Peake on Ev. *c*. 3, § 4, and Appendix, Lord Alvanley stated the doctrine broadly, that a wife, who has been divorced by an act of parliament, cannot be called to prove any conversation which happened between herself and her husband during the coverture. In *Aveson* v. *Kinnaird*, 6 East, 194, Lord Ellenborough expressed a doubt whether the exclusion was so broad, and said he considered Lord Alvanley as having mentioned it as a general doctrine that trust and confidence shall not be betrayed. He remarked that, as such, it is sound doctrine. In *Doker* v. *Hasler*, Ry. & Mood. 198, Best, C. J. refused to allow the widow to testify to a conversation with her husband — the question at issue being whether he had fraudulently taken out an execution to protect the goods of a debtor. But in *Beveridge* v. *Minter*, 1 C. & P. 364, Abbott, C. J. admitted the widow as a witness to prove her husband's admission in respect to a debt sued for. Thus far the authorities are contradictory. They are reviewed, and the doctrine is thoroughly discussed, in *O'Connor* v. *Marjoribanks*, 4 Man. & Gr. 435. That was an action brought by an administrator to recover goods which the wife had pledged to the defendant, and she was offered by the defendant to prove that her husband had, in a private conversation, authorized her to pledge them. Tindal, C. J., Coltman and Maule, JJ., gave separate opinions, each declaring that she was excluded, and that considerations of policy protect all private conversations between husband and wife from disclosure, not only during the coverture, but after it has ceased to exist. If the exclusion extends to the giving of an authority to make a contract, it extends, of course, to the ratification of a contract made by her. In the same year that *O'Connor* v. *Marjoribanks* was decided (1842), the supreme court of New York had occasion to consider the question, and made a similar decision, overruling the case of *Beveridge* v. *Minter*. *Babcock* v. *Booth*, 2 Hill, (N. Y.) 181. And in *Osterhout* v. *Shoemaker* 3 Hill, 513, Judge Bronson reaffirmed the decision. In *Stein* v.

*Bowman,* 13 Peters, 209, the supreme court of the United States discussed the question to some extent, but did not decide the precise point raised here. In *Dickerman* v. *Graves,* 6 Cush. 308, the doctrine of exclusion is recognized by this court as resting on the broad ground that all private conversations between husband and wife should be regarded as sacred. But the case did not require a decision of the question. The same doctrine is held in Delaware in *Gray* v. *Cole,* 5 Harring. 418. The offer was to prove by the widow an admission of her husband that he occupied a house under an agreement to pay rent. The evidence was excluded.

Our legislature has by statute extended the competency of witnesses as far as it was deemed safe to do so ; and where it makes husbands and wives admissible, it provides that " they shall not be allowed to testify as to private conversations with each other." This includes conversations on subjects which are not confidential in their nature ; and adopts the doctrine of *O' Connor* v. *Marjoribanks.* Gen. Sts. *c.* 131, § 14. The present case does not belong to the particular class provided for by § 16, namely, actions against the husband growing out of a wrong or injury done by him to the wife, or his neglect to furnish her with the proper means of support. The section does not, by its terms, include actions brought after his death against his executor or administrator ; and probably the reason of the distinction is, that in actions against himself he may protect his interests by his own testimony.

As she should not have been allowed to testify to her private conversation with her husband, the verdict for the plaintiff must be set aside. But as to any other facts, she was a competent witness. The cross-examination of her, however, by which the defendant sought to show that, at the time she made the purchases of the plaintiff, she made extravagant purchases of jewelry and gold watches of other persons, related to irrelevant matter. For if the fact were true, it ought not to affect the plaintiff's claim. The judge rightly excluded it.

The plaintiff's account book, with his suppletory oath, was properly admitted for the limited purpose of proving the charges

and the circumstances of the delivery of the goods to the plain-tiff's wife. In *Tremain* v. *Edwards*, 7 Cush. 414, the party was permitted to testify fully as to the circumstances. But the testimony was inadmissible, and was not admitted to. prove the principal fact in controversy, that credit was given to the testator. *Keith* v. *Kibbe*, 10 Cush. 35. *Gorman* v. *Montgomery*, 1 Allen, 416. Our statutes do not affect this question; for they do not disable a party from giving his testimony suppletory to his books of account, in any case where he could have done so before, and to the same extent. The exclusion of his testimony where the other party is dead, is in cases where he is offered for other purposes than to sustain his charges on book.

*Exceptions sustained.*

*R. C. Pitman,* for the defendant.

*T. M. Stetson,* for the plaintiff.